Requestor: Anthony J. Grant, Esq., Corporation Counsel City of White Plains, Municipal Building 255 Main Street White Plains, New York 10601
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as a member of a city zoning board of appeals and as the commissioner of planning of the city. The commissioner of planning is the head of the department of planning.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
Your zoning board of appeals is responsible for determining appeals of zoning enforcement decisions made by city officials and applications for variances and certain special permits.
You have informed us that the planning department and the commissioner of planning have no direct role in zoning enforcement.
You have also informed us, however, that the zoning board of appeals, in considering a matter, has authority to refer the matter to any city department, board or commission. The purpose of a referral is to obtain information and advice. You have indicated that traditionally, the zoning board of appeals does not make formal referrals to the planning department, in that this department has a representative present at meetings of the zoning board of appeals.
The representative of the department of planning at zoning board of appeals meetings provides the board with relevant factual information and:
 "In addition, if requested, the representative will state for the board the official position of the department of planning with regard to the matter. This position may be a recommendation that the variance or special permit be approved, denied, or approved if certain conditions are satisfied. Any such position represents the professional advice of the department, based upon the review of the matter and the planning considerations it involves. As the person in charge of the department, the commissioner of planning has the final authority for determining what the department's advice will be."
The position of the department of planning regarding the matter is advisory only, and "can be followed or ignored by the zoning board of appeals as it determines appropriate".
Under the facts you have related, in our view the two positions are incompatible. 1989 Op Atty Gen (Inf) 163. While the planning department's review is advisory only, it will be of value to the zoning board of appeals only if it constitutes an impartial and independent consideration of the matter referred. We believe that dual membership of a person as a member of the zoning board of appeals and as the commissioner of planning would undermine the impartiality of the planning department's recommendations. Ibid. At least, there would be an appearance of impropriety. Public officials must exercise their duties solely in the public interest. Even the appearance of impropriety must be avoided in order to maintain public confidence in government.
You have referred to another opinion of this office as authority for the compatibility of these two positions. Informal Opinion No. 90-55. That opinion, however, is distinguishable. Under the facts in that opinion, the superintendent of public works merely provided factual information to the zoning board of appeals. The superintendent did not conduct reviews and make recommendations regarding matters referred by the zoning board of appeals.
We conclude that the positions of member of the City of White Plains zoning board of appeals and commissioner of planning of the city are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.